## UNITED STATES v. KOPPELMAN.

### No. 10786 C. D.

District Court, M. D. Pennsylvania.

June 19, 1945.

Frederick V. Follmer, U. S. Atty., of Scranton, Pa., and Max H. Goldschein and

Boris Kostelanetz, Sp. Assts. to Atty. Gen., for the United States.

J. Julius Levy, Stanley F. Coar, and Robert E. Scragg, all of Scranton, Pa., for defendant.

SMITH, District Judge.

The defendant was tried and convicted on four counts of an indictment, each of which charged him with a violation of Section 47 of the Criminal Code, 18 U.S.C.A. § 100, the embezzlement of property of the United States. Thereafter, on July 29, 1943, pursuant to the provisions of the Probation Act, 18 U.S.C.A. §§ 724–728, the imposition of sentence on three of the four counts was suspended and the defendant was placed upon probation for one year. This period of probation expired on July 29, 1944.

The defendant is before the Court at this time accused of a breach of the conditions of his probation. It is specifically charged: First, that the defendant, a partner in the Lackawanna Pants Manufacturing Company, "with intent to defeat or evade the assessment intended to be made," filed with the collector of internal revenue a partnership return for the taxable year 1943 "which he did not believe to be true and correct as to every material matter," in violation of the Internal Revenue Code[1]; and, second, that the defendant, a member of a copartnership, received money "otherwise than in payment to him of a just debt," and, "with intent to defraud," omitted "to make a full and true entry thereof in the books and accounts" of the partnership, in violation of the laws of Pennsylvania.[2]

These charges are based wholly upon evidence that two business transactions of the partnership, the Lackawanna Pants Manufacturing Company, were handled by the defendant in an unusual manner. It appears from the evidence that these transactions, contrary to established business practice, were not entered in the usual books of account and the proceeds therefrom were deposited in a bank account, the existence of which was likewise not recorded in the usual books of account. The transactions had their inception and were completed prior to the entry of judgment in the instant case.

This complete absence of proper entries in the books of accounts, however, was ultimately reflected in the partnership return for the taxable year 1943, filed by the defendant within the period of probation. The partnership therein reported a gross income of $3,461,579.48, a gross profit of $790,795.05, and a net income of $430,085.43. The gross income was incorrectly stated, at least in the amount of the omission, by approximately $12,000. This fact, as reprehensible as it may seem, properly considered in the light of the related facts, will not support an inference that the understatement of gross income was either "materially" false or "wilfully" made, the criteria prescribed by the statute.[3] This conclusion is confirmed by the complete absence of any proof that the individual return of either the defendant or his partners was "materially" affected by the understatement of gross income, a fair test of materiality.

▆ Section 3616(a) of the Code[4] prohibits, as an offense against the United States, the delivery or disclosure to the collector of internal revenue of "any false or fraudulent * * * return * * * with intent to defeat or evade the * * * assessment intended to be made." A mere understatement of income, although false, is not an offense, within the meaning of this Section, in the absence of an "intent to defeat or evade the * * * assessment" of a tax. It is clear, upon a reading of the statute, that an "intent to defeat or evade the * * * assessment" of a tax is an essential element of the offense therein defined.

▆ It cannot be successfully urged, under the evidence in the instant case, that the omission of $12,000 from the "gross income," as reported in the partnership re-

---

[1] 26 U.S.C.A. Int.Rev.Code, § 145(c) and § 3616(a).

[2] 18 P.S. 4845.

[3] § 145(c) "Any individual who willfully makes and subscribes a return which he does not believe to be true and correct as to *every material matter*, shall be guilty of a felony, * * * ." (Emphasis by the Court.)

[4] § 3616. "Whenever any person—
"(a) *False returns.* Delivers or discloses to the collector or deputy any false or fraudulent list, return, account, or statement, *with intent to defeat or evade* the valuation, enumeration, or *assessment intended to be made;* * * *
"(b) * * * he shall be fined * * * or be imprisoned * * * ." (Emphasis by the Court.)

turn, was prompted by an intent to defeat or evade the tax imposed on either the defendant or his partners. The record is devoid of any evidence that this omission was ultimately reflected in an understatement of income in the return of either the defendant or his partners. It cannot be inferred, in the absence of such evidence, that the partnership return was fraudulently made, with intent to defeat or evade the assessment of a tax imposed by the statute.

The second charge urged against the defendant rests on the same proof. It is contended that the failure of the defendant to make full and true entry of the said transactions in books of the partnership was a violation of the laws of Pennsylvania. There is, however, no proof that this failure was prompted by an "intent to defraud," an essential element to the offense defined in the statute.[5] The partners had full knowledge of the transactions, and there is no suggestion that others were, or could be, affected by their omission from the books of account.

The evidence, considered in its entirety and properly evaluated, will not sustain a finding that defendant was guilty of any of the charges or of conduct violative of the conditions of his probation. The evidence, as it now stands, will not sustain an inference consistent with guilt and inconsistent with innocence, the standard which must be applied in the evaluation of the evidence. The doubt engendered by either the proof or the absence of it must be resolved in favor of the defendant.

The Probation Act[6] invests the court with the power "to suspend the imposition or execution of sentence and to place the defendant upon probation for such period and upon such terms and conditions as (it) may deem best," when "the ends of justice and the best interests of the public, as well as the defendant, will be subserved thereby." The power of the court to "revoke or modify any condition of probation" is equally coextensive and is limited only by the same criteria.

"There is no suggestion in the statute that the scope of the discretion conferred for the purpose of making the grant is narrowed in providing for its modification or revocation. The authority for the latter purpose immediately follows that given for the former, and is in terms equally broad. * * * No criteria for modification or revocation are suggested which are in addition to, or different from, those which pertain to the original grant. The question in both cases is whether the court is satisfied that its action will subserve the ends of justice and the best interests of both the public and the defendant. The only limitation and this applies to both the grant and any modification of it, is that the total period of probation shall not exceed five years." Burns v. United States, 287 U.S. 216, 221, 53 S.Ct. 154, 156, 77 L.Ed. 266.

It is not to be assumed, however, that this discretionary power is so free of limitation as to vest in the court the right to do as it pleases. The power is circumscribed by the most binding of limitations, those imposed by a right conscience responsive to moral obligations and principles of justice. Its exercise implies conscientious judgment, not arbitrary action. "It takes account of the law and the particular circumstances of the case and is 'directed by the reason and conscience of the judge to a just result.' * * * While probation is a matter of grace, the probationer is entitled to fair treatment, and is not to be made the victim of whim or caprice." Burns v. United States, supra, 287 U.S. at page 223, 53 S.Ct. at page 156, 77 L.Ed. 266.

The original judgment in this case, to wit, the suspending of the imposition of sentence and the placing of the defendant on probation, was entered by another judge. It is not within my power to revoke or modify that judgment, except as provided by statute, even though I, on the same evidence, but guided by the principles hereinabove stated, might have pursued a different course and arrived at a different result.

The warrant on which the defendant was arraigned is quashed and these proceedings are dismissed.

---

[5] § 4845. "Whoever, being a member of any copartnership, or association, and as such, receives or possesses himself of any money or other property of such co-partnership, * * * otherwise than in payment to him of a just debt or demand, and, *with intent to defraud*, omits to make or to cause or direct to be made a full and true entry thereof in the books and accounts of such copartnership, * * * is guilty of a misdemeanor. * * *" (Emphasis by the Court).

[6] 18 U.S.C.A. § 724.