### UNITED STATES v. EDMINSTON.

#### Cr. A. No. 6754.

District Court, W. D. Louisiana,
Shreveport Division.

Jan. 6, 1947.

Malcolm E. Lafargue, U. S. Atty., and Lea S. Thompson, Asst. U. S. Atty., both of Shreveport, La., for the United States.

L. Wright Lee, of Shreveport, La., for defendant.

DAWKINS, District judge.

Defendant was charged with violation of probation and has, through counsel, filed what is termed a plea of prescription—that is, his term of probation had expired when he was brought before the court the first time to have it revoked.

The minutes of this court show that Edminston was charged in an indictment of three counts with the violation of the Dyer Act, 18 U.S.C.A. § 408, including conspiracy; and that on February 21, 1933, he was arraigned and plead guilty to all counts, but was released on bond to await disposition at a later date to permit investigation by the probation officer. On February 27, 1933, the report of the probation officer, having been made, defendant was "placed on probation for a period of one year, under the conditions as set out in the instructions to be given by the probation officer". He was again required to furnish bond in the same amount as previously fixed. On February 21, 1934, within the original period of one year, defendant's probation "was continued and extended for a period of another year." On October 17, 1934, an application to revoke probation and an order thereon were filed and on October 22, following, Edminston was arraigned, plead not guilty, and the case was set for trial on the petition to revoke, November 12, 1934. On the latter date defendant, being present and represented by counsel, the rule was tried and probation revoked, at which time the court imposed a sentence of two years in a reformatory. It was further ordered that imposition of sentence on the other counts "be suspended for a period of five years, dating from the expiration of the sentence on count one but conditioned upon his not again violating any other law, state or federal, during said suspension."

On August 25, 1938, a second petition to revoke probation was filed "for the reason of having escaped from Federal Prison Camp No. 10, and having been convicted at Gilmer, Texas, on January 24, 1938, and at Henderson, Texas, March 11, 1934, and at Linden, Texas, June 13, 1938, on five different charges of armed robbery." His escape from Camp No. 10 of the reformatory was on March 2, 1935, and he was not returned to federal custody until January 22, 1945.

As to the contention made by counsel that the court had exhausted its authority when suspending sentence for one year on February 27, 1933, it seems sufficient to say that Section 1 of the Act of March 4, 1925, T. 18, Sec. 724, U.S.C.A., empowers the federal trial courts "after conviction or after a plea of guilty or nolle contendere for any crime or offense * * * to suspend the imposition or execution of sentence and to place the defendant upon

probation for such period and upon such terms and conditions as they may deem best * * *. The court may revoke or modify any condition of probation, or *may change the period of probation.* The period of probation, together with any extension thereof, shall not exceed five years." (Emphasis by the writer.)

Section 725 requires probation officers "when directed by the court" to "report to the court, with a statement of the conduct of the probationer while on probation. The court may thereupon discharge the probationer from further supervision and may terminate the proceedings against him, *or may extend the probation, as shall seem advisable."* (Emphasis by the writer.)

 It would thus seem that the language of the statute itself, in both the first and second sections quoted above, authorizes the court "to change the period of probation" or "extend the probation", either under a petition to revoke, or on the simple report of the probation officer, made at its direction. In this case, as in all others, it has been the uniform practice of this court, over the period since it was furnished with a regular probation officer in the fall of 1932, to require reports once a year from all probationers by those officers. Wherever convenient, the probationers have been notified to appear in court where they are brought before the bar while the oral report of the probation officer is made. If their conduct has been good, they are commended by the court and the term of probation extended for another year until three years have expired, at which time it is terminated. If the probationer has been allowed to transfer to another district or other conditions make it burdensome for him to appear in person the probation officer makes his report sometimes based upon information furnished by the probation officers in other districts, and under like conditions the probation is extended and the probationer advised at the place where he is located. If his conduct is unsatisfactory but not sufficient to justify formal charges of violation, the period of probation may be extended even beyond the usual three years, but not to exceed five years.

On the other hand, if the probationer in the meantime has been charged with violation of probation, a warrant for his arrest is issued and he is brought before the court and the case disposed of as circumstances may require. If he is a fugitive, this, of course, can not be done, or if he has been charged, convicted and sentenced in some other court while thus at large, it cannot be seriously contended that his probation time is running. The defendant in this case as shown above had been on probation only one year and four months before he was brought back, convicted and given a two year sentence. Then, within less than four months thereafter on March 2, 1935, he escaped and remained a fugitive from the said sentence until returned to the reformatory after serving several sentences in the state prison of Texas. The second charge of violating his probation in 1938 was also within the five year maximum because the sentence of two years, if he had not escaped, would not have expired until November 12, 1936. Giving Edminston credit for all the time he was actually on probation would still leave a substantial portion of the five years unexpended when he was returned to this court.

In view of these circumstances the plea of prescription will be overruled.

Proper decree should be presented.