### REED v. UNITED STATES.
#### No. 12417.

United States Court of Appeals
Ninth Circuit.

April 19, 1950.

Rehearing Denied June 30, 1950.

Morris Lavine, Los Angeles, Cal., for appellant.

Ernest A. Tolin, U. S. Atty., Norman W. Neukom and Paul Magasin, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before STEPHENS, ORR and POPE, Circuit Judges.

STEPHENS, Circuit Judge.

Theodore Hall Reed was convicted of crimes set out in Counts I and II of an indictment containing five counts and the remaining counts were dismissed. The court sentenced him to nine months imprisonment on Count I and eighteen months' imprisonment on Count II, the sentences to run consecutively. The sentence imposed under Count II was suspended and Reed was placed on probation for the period of five years, the conditions of the probation being that he should report to the probation

officer every sixty days and that he violate no law.

Reed served the sentence imposed upon him for conviction under Count I and while within the period of probation under Count II he expressed a desire to remove to Mexico, and the probation officer advised the court as follows: "We agree [that he should be allowed to go to Mexico] and recommend that Reed's probation be suspended during his stay in Mexico, but if he does return to the United States prior to his final probation date that he again be returned to probation." The court agreed, indorsing upon the probation officer's written advice the following: "Order of Court Considered and Ordered this 19th day of August, 1947, and ordered filed and made a part of the records in the above case."

▉ To say the least, the power of the court to suspend the probation order is very doubtful. The power to change the terms of the order or to revoke it is within the court's power. We consider the court's indorsement on the probation officer's report as merely affecting the terms of probation while appellant is outside the United States. Actually the change went no further than to eliminate the necessity of appellant's reporting periodically to the probation officer. Whether it included the requirement of the probation order that he violate no law is of no moment for in no case could the change of the requirements affect appellant's duty to obey the laws.

Reed removed to Mexico but within the period of the probation he returned to this country and upon reporting to probation officers in New York was taken into custody by United States officers.

On June 15, 1948, a bench warrant issued out of the trial court in which he had been convicted and he was required to show cause why probation should not be revoked. On August 1, 1949, Reed was in court and after a hearing held on September 13, 1949, probation was revoked and Reed was sent to prison for the period of the original sentence under Count II. There was evidence presented at the hearing to the effect that while in Mexico Reed issued checks upon banks in the United States in which he had and knew he had no funds or credit.

The legality of the order revoking the probation is the subject of this appeal. Appellant claims that his conduct while the "suspension" was effective should not have been received by the court as evidence in the proceedings. This court appointed Morris Lavine, Esquire, to act as counsel for probationer and after filing the latter's consent to the appointment, Mr. Lavine without compensation ably and thoroughly presented the case and the United States district attorney responded for the Government.

▉ The case of Burns v. United States, 1932, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266, is authority for the principle that at any time during the period of probation the probationer can be brought before the trial court with or without a warrant on a summary proceeding, and, in the sound discretion of the court, the probation can be revoked and the prison sentence be ordered served. The mere fact that Reed, at his own request, was allowed to quit the country and while away to be free from the probation requirements does not deprive the court which sentenced him of jurisdiction to take note of his conduct while away in determining whether he is presently a fit subject for continued probation. The theory of probation is that the convicted person is material for rehabilitation and it is well within the court's jurisdiction and discretion to take the probationer's conduct while in Mexico into consideration on that issue. A lawbreaker in the United States, who had been the recipient of the court's mercy, who continued to commit serious crimes in another country, would be a poor probationary risk upon his return to this country.

▉ It appears that after Reed had been put under federal restraint in New York he unsuccessfully petitioned the district court there to release him upon the writ of habeas corpus. The court denied the petition and he appealed to the United States Court of Appeals. The appeal was pending when he was brought to the federal court in California by United States officers. He claims to have been illegally removed from that jurisdiction but there is no support for

such claim. There is no demand here from the federal court in New York for the return of appellant to its jurisdiction. The appeal in that court has been dismissed.

Affirmed.