**UNITED STATES of America**

v.

**Vincent J. SQUILLANTE.**

United States District Court
S. D. New York.

Feb. 3, 1956.

554

Paul W. Williams, U. S. Atty., New York City, by Eliot H. Lumbard, Asst. U. S. Atty., and Samuel Chassy, Regional Counsel, New York City, for the Government.

H. Jordan Lee, New York City, for defendant.

KAUFMAN, District Judge.

The defendant was indicted for wilful failure to make income tax returns, two separate indictments being returned against him. The imposition of sentence was suspended and on Feb. 5, 1953, the defendant was placed on probation for three years, subject to the standing probation order of this court, and to the condition that he pay a fine of $1,000 on each indictment and make honest efforts to pay in full the amounts to be assessed against him by the Bureau of Internal Revenue.

It is because of failure to comply with the last condition that extension of probation is requested. The defendant's contention that this Court is without power to extend probation is utterly without merit. Title 18, United States Code, § 3651, sets forth specifically that "the court may revoke or modify any condition of probation, or may change the period of probation. The period of probation, together with any extension thereof, shall not exceed five years."

Section 3653 of that title gives the probation officer the duty of reporting to the Court as to the conduct of the probationer, so that the Court can either discharge the probationer from further supervision "or may extend the probation, as shall seem advisable."

■ This power to extend probation duration is so clear that it has almost never been contested. A rare instance in which this issue was raised and the power upheld occurred in United States v. Edminston, D.C., 69 F.Supp. 382, Western District of Louisiana.

The attacks that I have seen leveled against this question of probation have been those that dealt with the power to revoke probation and then sentence to imprisonment. But as I have said before, this question of extending probation has not been considered by the courts with the exception of United States v. Edminston, because the power is so clear in the statute.

In this court it is common practice for probation to be extended upon ex parte application by the probation officer made before the expiration of probation. Indeed all probationers sign a form in which they agree to abide by the standing probation order of this court. Above the place for signature there is a paragraph advising the probationer that "Under the law the Court may at any time revoke probation for cause, modify the conditions of probation and reduce or extend the period of probation."

Such an order was signed by the probationer in this case.

The case of United States v. Rosenstreich, 2 Cir., 1953, 204 F.2d 321, cited by probationer as authority for the proposition that the Court may not extend the time of probation once a defendant has begun to serve probation does not support that position at all.

In that case the defendant had been sentenced to a $1,000 fine and a one year sentence, execution to be suspended and the defendant placed on probation. One month later, after the defendant had started to serve his probation, the judge vacated the sentence and resentenced the defendant to a much larger fine, but with the same probation conditions.

The question there was really the power of the Court to raise the fine, that being an increase in the sentence. Judge Frank wrote that a sentence cannot be altered once executed, and execution had started here, as probation had commenced. Judge A. N. Hand, concurring, based his decision on the fact that the defendant had attempted to pay the fine. He said that this should operate as the equivalent to payment, hence execution of the sentence, and that after execution of a sentence, it cannot be enlarged. His reasoning accords with the cases cited by Judge Frank which hold that where a person is sentenced to fine and prison where the law provides only alternative punishment, and that person pays the fine, he cannot then be imprisoned, nor can the sentence be changed to provide for prison only. That is; execution of a valid alternative punishment is a complete bar to further punishment.

These cases and this problem do not arise when dealing with probation, as the possible maximum of five years is implicit in all probation orders and in the statute itself, as the Court's power to extend the time is statutory. I note that the application here is being made within the original three year probation period, so this is clearly an extension within the statutory language. There is no question of sentence having been fully executed or the original time set having been final in that respect.

Judge Frank's language in Rosenstreich must be taken as applying to the narrow question of whether starting probation is equivalent to starting to execute sentence, the question which was before the Court.

Were Judge Frank intending to attack the extension power, as probationer here contends, he would have had to call the probation law unconstitutional since it gives the power to extend probation, and such an attack cannot be possibly implied from his language in that case.

Therefore I will grant the application to extend the probation for a period of two years.