**UNITED STATES of America, Plaintiff,**

v.

**Pat Trueblood LONGKNIFE, Defendant.**

**Cr. No. 12112.**

United States District Court
D. Hawaii.

Aug. 1, 1966.

Herman T. F. Lum, U. S. Dist. Atty., by Peter A. Donahoe, Asst. U. S. Atty., for plaintiff.

Milton W. B. Choy, Honolulu, Hawaii, for defendant.

## DECISION

TAVARES, District Judge.

Defendant plead guilty to one count of an indictment charging him with falsely concealing assets in connection with his voluntary petition in bankruptcy; he was granted probation.

There is pending a motion to revoke probation on the ground that at the time probation was granted, the defendant had fraudulently concealed from the Court various other falsehoods contained in his petition and schedules, such as the fact that he had obtained a discharge in bankruptcy less than six years prior to the

current filing, and that he either obtained the previous discharge under a false name or filed the subsequent petition under a false name.

During the hearing on the motion to revoke probation, defendant purported to invoke the privilege against self-incrimination with regard to questions concerning the subject of the inquiry.

Defendant argues that this Court lacks power to revoke his probation, claiming that he has done nothing to violate the conditions of probation since it was granted, and that to revoke probation because of statements on the bankruptcy schedules already considered in the original prosecution would be to place him twice in jeopardy for the same offense.

█ Neither point is well taken. There is ample precedent for revoking probation when a probationer refuses to answer questions directed to him concerning the crime of which he stands convicted.

In Kaplan v. United States (8 Cir. 1956), 234 F.2d 345, 347, the court said:

"We have here, then, the situation of a defendant who, while on probation, was specifically ordered by the court to appear before the grand jury and disclose the source of his heroin purchases and who refused in the presence of the court to follow such orders. Completely regardless of the subsequent contempt proceedings, this was of itself sufficient justification for revoking probation. Here was a specific order of the court to do a certain thing—disclose information needed in a grand jury's investigation of illegal traffic in narcotics. In effect, it could be considered as an additional condition of probation, even though it was not included in the original written conditions. 18 U.S.C.A. § 3651, among other things, provides: 'The court may revoke or modify any condition of probation, or may change the period of probation.' No claim of constitutional privilege was or could have been maintained. To hold that such a specific refusal to follow the court's order was not a violation of probation could lead

to rather bizarre results in that every contingency would need be anticipated and might have the effect of limiting the use of probation. Campbell v. Aderhold, D.C.N.D.Ga., 1929, 36 F.2d 366, 367."

And at page 348, quoting from Kirsch v. United States (8 Cir. 1949), 173 F.2d 652, 654:

"Probation is not a matter of right but a matter of grace and clemency and when granted it confers no vested right upon a defendant. It is a system of tutelage under the control of the court having jurisdiction over the convicted defendant and it is concerned with the rehabilitation of moral character."

The Kaplan case was followed in almost identical circumstances in United States v. Qualls (N.D.Ill.1960), 182 F. Supp. 213, in which the court said at page 216:

"There are, however, additional reasons for revoking this probation. The court is called upon to make a determination whether this probationer has fully met the standards required and can be considered a good probationary risk at this time. The court is of the opinion that he has not met those standards and that he can no longer be so considered. It is in making this determination that the court must penetrate to the center of the concept of probation. The Court of Appeals for the Seventh Circuit in United States v. Steiner, 7 Cir., 1957, 239 F.2d 660, 662, stated 'Judicial discretion is the fabric from which probation is cut and tailored.' In that case a defendant convicted of tax violations was admitted to probation on condition that he make effort to pay his taxes and discharge his liability. The court determined that no bona fide effort had been made to meet this condition and revoked the probation. A revocation, of course, need not be based upon the violation of specific terms of the probation. United States v. Kaplan, supra; United States ex rel. Grossberg v. Mulligan, 2 Cir., 1931, 48 F.2d 93.

"The determinative question is whether the probationer's conduct has been inconsistent with a bona fide effort to accomplish his own rehabilitation."

The case of United States v. Rosner (S.D.N.Y.1958), 161 F.Supp. 234 is analogous. There the defendant had plead guilty to income tax evasion, served a prison term, paid fines, and had nearly completed serving a period of probation. The court granted a petition for extension of that probation, because the Internal Revenue Service was still negotiating with the defendant regarding the amount of taxes due, and the Internal Revenue Service wanted more time in which to evaluate the degree of the defendant's cooperation. The probationer objected on the ground that he had met all the conditions of probation and that therefore he was entitled to release from supervision at the expiration of the original term of probation. Following the leading case of Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266, and other pertinent cases, the court extended the period of probation, saying (161 F.Supp. at page 236):

"Nor do the imposition of specific conditions impose any limit upon the court's discretion to modify the terms of probation, impose other conditions or revoke it. Burns v. United States, supra, 287 U.S. at page 222, 53 S.Ct. at page 156.

"Since the Burns case, cases dealing with the scope of the court's power to deal with the terms of probation have not been frequent but have consistently held that the court has very wide latitude in exercising its discretion. See United States v. Squillante, 2 Cir., 235 F.2d 46, affirming United States v. Squillante, D.C.S.D.N.Y., 137 F.Supp. 553; United States v. Squillante, D.C.S.D.N.Y., 144 F.Supp. 494; Reed v. United States, 9 Cir., 181 F.2d 141; United States v. Edminston, D.C.W.D.La., 69 F.Supp. 382; United States v. Koppelman, D.C.M.D.Pa., 61 F.Supp. 1007.

"In the second Squillante case the court went so far as to deny termination of probation despite 'the fact that the defendant has finally complied with the express condition of his probation' which was to pay his tax liabilities in full because 'the best interests of society warrant the continuation of supervision over the probationer.' 144 F. Supp. at page 495."

■ Mr. Longknife's lack of candor in purporting to invoke a supposed privilege against self-incrimination regarding the details of an offense that he admittedly had committed, is sufficient reason in itself for revoking his probation.

In addition, a careful reading of the authorities convinces this Court that it is not powerless in a case, such as this, where a defendant has achieved probation by means of deception, fraudulent concealment, and by merely pretending to cooperate with the Court and its probation officers.

■ The classic statement of the Court's power in granting, modifying, or revoking probation is found in Burns v. United States, 287 U.S. 216, 220–221, 53 S.Ct. 154, 155–156, 77 L.Ed. 266:

"Probation is thus conferred as a privilege, and cannot be demanded as a right. It is a matter of favor, not of contract. There is no requirement that it must be granted on a specified showing. The defendant stands convicted; he faces punishment, and cannot insist on terms or strike a bargain. To accomplish the purpose of the statute, an exceptional degree of flexibility in administration is essential. It is necessary to individualize each case, to give that careful, humane, and comprehensive consideration to the particular situation of each offender which would be possible only in the exercise of a broad discretion. The provisions of the act are adapted to this end. It authorizes courts of original jurisdiction, when satisfied 'that the ends of justice and the best interests of the public, as well as the defendant, will

be subserved,' to suspend the imposition or execution of sentence and 'to place the defendant upon probation for such period and upon such terms and conditions as they may deem best.'

"There is no suggestion in the statute that the scope of the discretion conferred for the purpose of making the grant is narrowed in providing for its modification or revocation. \* \* \* No criteria for modification or revocation are suggested which are in addition to, or different from, those which pertain to the original grant. The question in both cases is whether the court is satisfied that its action will subserve the ends of justice and the best interests of both the public and the defendant. The only limitation, and this applies to both the grant and any modification of it, is that the total period of probation shall not exceed five years. Act of March 4, 1925, § 1."

Our Court of Appeals, in Reed v. United States (9 Cir. 1950), 181 F.2d 141, 142, interpreted the holding of the Burns case as follows:

"The case of Burns v. United States, 1932, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266, is authority for the principle that at any time during the period of probation the probationer can be brought before the trial court with or without a warrant on a summary proceeding, and, in the sound discretion of the court, the probation can be revoked and the prison sentence be ordered served."

Burns has been cited in the District of Columbia Circuit for the proposition that:

"Probation may be revoked solely on the basis of predictive judgments about likely future behavior. See, e. g., Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266 (1932)." Hyser v. Reed (1963), 115 U.S.App. D.C. 254, 318 F.2d 225, 252.

■ And there is express authority for taking into account actions of the defendant that took place before the granting of probation in considering a motion to revoke the probation. In Kirsch v. United States (8 Cir. 1949), 173 F.2d 652, 653, the Court of Appeals for the Eighth Circuit approved a revocation of probation by the District Court on the following ground, among others:

"At the time the said defendant, Grover M. Kirsch, was granted probation in this case, the matter of defendant's wilfully and knowingly attempting to defeat and evade a large part of the income tax due and owing by him to the United States of America for the calendar year of 1944 was not known to the Court. Had the Court so known, the said defendant would not have been granted probation."

Kirsch was cited with approval by the Ninth Circuit in Bernal-Zazueta v. United States (9 Cir. 1955), 225 F.2d 64, 68, as authority for the proposition that:

"The circumstances which occurred before the granting of probation are pertinent on a violation hearing."

■ The true extent of the Court's discretion to modify or revoke probation is well stated in the recent case of United States v. Markovich (2 Cir. 1965), 348 F.2d 238, 241:

"The act of grace extended to one convicted of a crime through a suspension of the execution of the sentence imposed after that conviction can be withdrawn in the discretion of the sentencing court when the court is satisfied that the recipient of its grace is unworthy of it."

There is nothing to the contrary in Kirk v. United States (9 Cir. 1950), 185 F.2d 185, nor in United States v. Merriman (D.Utah 1959), 172 F.Supp. 765.

■ Therefore, it is the conclusion of this Court that Pat Trueblood Longknife's probation is subject to revocation under the circumstances, and he is ordered to appear for such revocation and for such sentence as the court may order in open court on August 5, 1966, at 11:00 a. m.