No. 22398.

JAMES RONZO JESSEPH *v.* THE PEOPLE OF THE
STATE OF COLORADO.
(435 P.2d 224)

Decided December 11, 1967.

GEORGE S. FULLER, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JAMES F. PAMP, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

PLAINTIFF in error, hereinafter referred to as Jesseph, is here on a writ of error directed to a judgment of the district court denying relief sought by him under Colo. R. Crim. P. 35(b).

On November 20, 1961, Jesseph pleaded guilty to a charge of forgery and was thereafter placed on probation for two years. As one of the conditions of probation Jesseph was required to make restitution. On January 23, 1964, just six days before the probation period was to expire, the court ex parte and without notice to Jesseph continued his probation for another year. The action of the court was based solely on the statement of the probation officer that Jesseph had not yet made complete restitution. At that time, Jesseph was in New Mexico, having been permitted to go there by order of the court, where he was under the supervision of the New Mexico probation authorities. The record does not show that any notice of the extension of the probation period was communicated to Jesseph.

Thereafter, Jesseph was returned for violation of the

conditions of his probation, the violation having occurred after the time when the original probation order would have expired. After a hearing the court revoked Jesseph's probation and imposed sentence of not less than four years nor more than five years in the State Penitentiary.

After serving some time in the penitentiary, Jesseph filed a motion under Colo. R. Crim. P. 35(b) requesting the trial court to set aside his sentence as having been erroneously imposed. The trial court denied the motion without an evidentiary hearing. Jesseph contends that an extension of probation ordered without a hearing thereon is void and that therefore his probationary period expired before he committed the acts for which his probation was revoked. We do not agree.

▌ While better practice dictates that a hearing be held before a probationary period is extended, there is no constitutional requirement for such a hearing. See *Escoe v. Zerbst*, 295 U.S. 490, 79 L.Ed. 1566, 55 S.Ct. 818. Nor does the statute dealing with extensions of probation require such a hearing. C.R.S. 1963, 39-16-6.

▌ But while the order extending probation in this case is not invalid solely because there was no hearing on the extension of the probationary period, the trial court should have held an evidentiary hearing to determine whether Jesseph had notice of the extension of his probation before he committed the acts upon which the revocation of probation was based.

▌ In our view, a trial judge has no power to impose sentence upon the basis of a violation of the conditions of his probation in the absence of any notice to the probationer that his probation had been extended beyond the original period. Conditions imposed upon probation are many and varied. Very often, they do not constitute violations of the law per se, *e.g.*, they may require that the probationer report every change of address, or account for his activities each week. To permit a trial court to impose a sentence to the peni-

tentiary because of violations of probation, when the defendant had no notice that these conditions were still in existence, violates our concept of fundamental fairness and due process.

We have been informed that Jesseph has now served his sentence and has been released from the penitentiary. Under such circumstances it may be that Jesseph might not desire an evidentiary hearing on his 35 (b) petition with respect to whether or not he had notice of the extension.

The judgment of the trial court is therefore reversed with directions to grant Jesseph an evidentiary hearing consistent with the views herein expressed, should Jesseph so elect within ten days from the date of the remand in this matter.

MR. CHIEF JUSTICE MOORE and MR. JUSTICE McWILLIAMS dissent.

MR. JUSTICE McWILLIAMS dissenting:

I dissent and under the circumstances I would affirm the judgment of the trial court. Some background information may shed a bit more light on the entire matter.

On November 20, 1961 Jesseph, hereinafter referred to as the defendant, pled guilty to the crime of forgery, and thereby subjected himself to a sentence to the state penitentiary for a term of not less than one year, nor more than fourteen years. The defendant applied for probation and on January 29, 1962 he was placed on probation by order of the trial court.

The order granting probation set the probation period at two years, "subject to the following terms and conditions." A number of "terms and conditions" were then set out in the order entered by the court, one of which reads as follows:

"At the conclusion of the period of probation imposed upon you by the Court, you may make a written application for termination. *When such application is ap-*

*proved by the Chief Probation Officer and the Court, termination will be granted by Court order.".* (Emphasis added.)

Digressing for a moment from my recitation of the facts, it seems rather clear that though the defendant's period of probation was set for two years, his probationary period did not come to an abrupt halt and automatically expire after two years had simply come and gone. On the contrary, one important provision in the defendant's probationary order, which he presumably was fully acquainted with, was that the termination of his probationary period would only be by an appropriate order of court, upon his making an application therefor and having his application thereafter approved by both the Probation Officer and the Court. The record before us does not contain any such order terminating the defendant's probation. Hence, in my view of the matter under the express terms of his probation the defendant remained on probation until such time as his probation was terminated by formal order of court, subject of course to the statutory provision that no period of probation may be for more than five years. C.R.S. 1963, 39-16-6.

Back to a review of the events leading up to the present controversy. Sometime later on in 1962 the defendant was given permission by the local Jefferson County probation authorities to move to New Mexico in order that he might be near his father.

In 1963 the defendant was brought back to Jefferson County where a hearing was held by the trial court regarding possible revocation of probation. At the conclusion of this hearing the defendant was continued on probation and permitted to return to New Mexico.

On January 23, 1964 the trial court at the request of the probation authorities extended the defendant's probationary period for an additional year. The defendant was not present in court at the time this extension

order was entered, nor did he have any prior notice that such a hearing was to be held.

Sometime in February 1964 the defendant apparently ran afoul of the law in New Mexico and in any event was thereafter returned to Jefferson County for a second hearing as to whether his probation should be revoked.

On April 6, 1964 the trial court held a full-scale hearing as to whether the defendant's probation should be revoked, or once again continued. Sworn testimony was taken from the probation authorities, as well as from the defendant, his wife and his mother. The defendant at this hearing was represented by counsel of his own choosing. A perusal of the record reveals that all parties to this hearing, including the trial court, were concerned with one question only: namely had the defendant violated the terms of probation to the end that his probation should be revoked and sentence imposed? At this hearing there was no suggestion by anyone that the defendant's period of probation had ended on January 29, 1964, and that the trial court therefore had no jurisdiction to revoke his probation and sentence him.

At the conclusion of the hearing held on April 6, 1964 the trial court revoked the defendant's probation and sentenced him to a term of from 4 to 5 years in the state penitentiary.

The defendant was then taken to the state penitentiary to serve out the aforementioned sentence. On December 22, 1965, some 20 months after his probation had been revoked and he had been sentenced to the state penitentiary the defendant filed with the trial court a motion under Colo. R. Crim. P. 35(b). In that motion, as I read it, the defendant's position is that the trial court on April 6, 1964 had no jurisdiction to sentence him for the reason that his probationary period had ended on January 29, 1964 and that the extension order of January 23, 1964 was a nullity because he was not present at the hearing nor had he received any notice that a hearing was to be held on that particular date.

The aforementioned motion came on for hearing on January 24, 1966, at which time the motion was denied by the trial court. No testimony was taken at this particular hearing, though the trial court did listen to argument of counsel. The defendant was again represented by counsel of his own choosing. By the present writ of error the defendant now seeks review of the order and judgment of the trial court denying his motion to vacate sentence.

Upon oral argument before this court it developed that the defendant has served his sentence in the state penitentiary and now has been released from that institution. Whether he is presently on parole is not known by us. Rule 35 (b) by its very terms is available to "a prisoner in custody under sentence." It is quite true that at the time he filed his motion and at the time the same was denied by the trial court the defendant was a prisoner in custody. However, the defendant is no longer in custody, and I raise the question as to whether the trial court could at this time grant any 35 (b) relief to the defendant. The passage of time may well have rendered the entire matter moot.

Be that as it may, I shall now proceed to meet those issues presented by defendant in his written brief and those advanced by him, through counsel, upon oral argument. The defendant's main argument is that the extension order was a nullity because it was entered *ex parte* and without prior notice to him. Even if the extension order were a nullity, which in my view is not the case, defendant's probationary period continued until it was terminated by order of court upon application of the defendant. No such application to terminate probation was ever filed by the defendant. Nor was there any order of court terminating the probationary period. Hence, in my view of the matter the defendant was still on probation as of April 6, 1964, the date when his probation was revoked, even had there been no extension order.

But as I have said, this extension order was in my view not a nullity. C.R.S. 1963, 39-16-6 provides that the probationary period of time may be extended, so long as the period of probation, together with any extension thereof, shall not exceed five years, and there is nothing in this statute which requires that a hearing to extend probation be on notice to the probationer, or that he be present at such hearing.

Nor do I find any constitutional provision which requires that a hearing wherein the probation period is to be extended must be on notice, or that the probationer must be present at the hearing. The following cases would certainly indicate that the due process clause does not require such formality where a probationary term is merely to be extended. *Escoe v. Zerbst,* 295 U.S. 490, 55 S. Ct. 818, 79 L.Ed. 1568; *United States v. Squillante,* 137 F.Supp. 553; *United States v. Edminston,* 69 F.Supp. 382; and *In Re Davis,* 37 Cal.2d 872, 236 P.2d 579.

And as I read the majority opinion, there is nothing contained therein which in any manner supports the defendant's basic position in this court, namely, that the extension order of January 23, 1964 was a nullity because it was held *ex parte* and without prior notice to the defendant and that accordingly his probation automatically ended on January 29, 1964. On the contrary, the majority frankly state that the argument thus advanced by the defendant is not the law. The majority then proceed to turn this controversy on the premise that after the entry of the extension order, the defendant was never notified that his probationary period had been thus extended for another year. The defendant himself did not in anywise stress this particular point either in the trial court or here. But as indicated above, I do not feel that the absence of such notice, if in fact there was such an absence, is of any import when the defendant knew by the very terms of his probation that an order terminating probation would be made upon

application of the probationer, only when approved by the Chief Probation Officer as well as the Court.

For all of these reasons, I see no need to remand this matter to the trial court for an evidentiary hearing as to whether the defendant was notified that his probationary period had been extended, as he already knew, if he read the order granting his probation, that his probation could only be terminated upon his application approved by the chief probation officer and thereafter "granted by court order." I would affirm.

I am authorized to state that MR. CHIEF JUSTICE MOORE joins in this dissent.