No. 22932.

ELBERT LEE HOLDREN *v*. THE PEOPLE OF THE
STATE OF COLORADO.
(452 P.2d 28)

Decided March 24, 1969.     Rehearing denied April 14, 1969.

HOLLEY, BOATRIGHT & VILLANO, ROGER D. WITT, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

ELBERT LEE HOLDREN directs this writ of error to a judgment revoking probation and sentencing him to a term of three to five years in the state penitentiary. On September 9, 1963, Moldren entered a plea of *nolo contendere* to a charge of indecent liberties taken with a child under sixteen years of age. C.R.S. '53, 40-2-32. A judgment and order granting probation for three years was entered on November 4, 1963. Without notice to Holdren, the court extended probation for one year, because Holdren had failed to pay the costs of the case, as required by the probation order. A copy of the order extending probation was mailed to Holdren and received by him. Thereafter a petition for revocation of probation was filed. Counsel was appointed. After a hearing on March 20, 1967, the court revoked Holdren's probation and sentenced him.

Holdren contends here (a) that the order extending the probation for one year was void because he had been given no opportunity to appear at a hearing on the petition for extension; (b) that the court erred in admitting hearsay evidence in the hearing on the petition for revocation of probation; and (c) that the court denied Holdren the privilege against self-incrimination when it required him to testify during the latter hearing. We find no error and therefore affirm.

I.

On October 26, 1966, the probation officer informed the court that Holdren had not paid his costs in full, and

petitioned the court to extend the period of probation for one year. The court's order extending probation for one year from November 4, 1966, was entered on October 31, 1966. A copy of the petition and order extending probation were sent to Holdren on November 22, 1966, by certified mail, and he signed the receipt. Holdren contends that the order was void because he was given no notice, and had no opportunity to appear at a hearing. We disagree.

██ We held in *Jesseph v. People,* 164 Colo. 312, 435 P.2d 224, that although better practice dictates that a hearing be held before a probation period is extended, neither the constitution nor the statute dealing with extensions of probation requires such a hearing. C.R.S. 1963, 39-16-6. See *Escoe v. Zerbst,* 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566. In our opinion, *Mempa v. Rhay,* 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336, does not require a contrary rule. That case provides that counsel must be furnished where a hearing upon revocation of probation is provided for by statute, but it does not require such a hearing in order to meet constitutional standards. While C.R.S. 1963, 39-16-9 requires a hearing on a *revocation* of probation, it is silent with respect to extensions of probation.

██ In *Jesseph v. People, supra,* we remanded the cause and directed the trial court to determine whether Jesseph had been given notice of the extension before he committed the acts upon which the revocation of his probation was based. Unlike Jesseph, however, Holdren acknowledged receipt of a certified letter carrying the notice of extension before he violated the terms of the extended probation order. Consequently, the reasons for which we reversed in *Jesseph* are not present here. Under the circumstances here, there was no error in extending the probationary period.

II.

Holdren contends next that the court erred in receiving hearsay evidence during the hearing on the petition

for revocation of probation. The probation officer testified that a sheriff had told him that Holdren had taken a fourteen-year old boy from a foster home, against the wishes of the foster parent. The sheriff arrested the boy later at Holdren's home. At the time Holdren and the boy were drinking beer with another juvenile. The probation officer also testified that he had received information from the sheriff that Holdren had been arrested for drunkenness and had entered a plea of guilty. By checking the records of the municipal court, the probation officer verified the latter statement.

As we have pointed out, Holdren was granted probation when he entered a plea of *nolo contendere* to a charge that he took indecent liberties with a child under sixteen years of age. Among other terms, the probation order prohibited (1) Holdren's association with persons on probation; (2) his use of intoxicating liquor; (3) violation of any laws or ordinances; and (4) provided that he should conduct himself as an upright and law-abiding citizen. The hearsay evidence offered by the probation officer revealed breaches of the above terms.

In this state, probation is a privilege rather than a right. It suspends conditionally what might be a harsher judgment. *Gehl v. People,* 161 Colo. 535, 423 P.2d 332 *(rev'd on other grounds).* It is, in effect, a contract made by the court and sanctioned by the statute with the convicted person that he may remain free so long as his conduct is good and he genuinely attempts to rehabilitate himself. But he is charged with the knowledge that a breach of probationary terms will most assuredly result in a revocation of probation and a subsequent sentence. And the question of whether the probation shall be revoked is one within the sound discretion of the Judge. By statute in this state, a hearing must be held on a petition to revoke probation. C.R.S. 1963, 39-16-9. But the hearing may be informally conducted, and the court may take into consideration all factors which he normally takes into account when

sentencing. Upon such a revocation hearing, the probationer is not entitled to claim the full range of constitutional guarantees available to one not yet convicted of a crime. *Gehl v. People, supra.*

In a proceeding to determine whether probation should be revoked, the court will not be bound by the strict rules of evidence. In the present case, where the probation officer was subject to cross-examination regarding the hearsay evidence which he offered, we find no abuse of discretion by the trial court. *State v. Elder*, 77 S.D. 540, 95 N.W.2d 592; *State v. Duncan*, 270 N.C. 241, 154 S.E.2d 53; *State v. Theisen*, 167 Ohio St. 119, 146 N.E.2d 865; *State ex rel. Ard. v. Shelby*, 97 So.2d 631 (Fla. App.); *Scott v. State*, 238 Md. 265, 208 A.2d 575. The rule of *Specht v. Patterson*, 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326, cited by Holdren, is inapplicable. There the United States Supreme Court declared that sentence under our Sex Offenders' Act constituted sentence under a new charge and therefore required a constitutional trial under that charge. Here the sentence is upon the charge originally made.

III.

Holdren contends finally that he was denied the privilege against self-incrimination when, over the objection of counsel, the court asked him if he had been drinking and if he had two boys with him. To both questions, Holdren replied "yes." The privilege against self-incrimination would have been applicable had Holdren been charged with a new crime. Here the issue of guilt upon which the sentence issued had already been determined by his earlier plea. Holdren's testimony, moreover merely corroborates what the probation officer had already told the court. No authority has been cited for the rule which Holdren would have us adopt. We find no error.

The judgment is affirmed.

Mr. Justice Day and Mr. Justice Hodges concur.