**UNITED STATES of America,**
**Plaintiff,**

v.

**Todd Russell BAILEY, Defendant.**
**Crim. A. No. 23224–3.**

United States District Court,
W. D. Missouri, W. D.

April 22, 1971.

---

William A. Kitchen, Asst. U. S. Atty., Kansas City, Mo., for plaintiff.

Jay Nigro, Popham, Popham, Conway, Sweeney & Fremont, Kansas City, Mo., for defendant.

ORDER ALLOWING $300.00 TO COUNSEL FOR DEFENDANT UNDER CRIMINAL JUSTICE ACT AS EXPENSES AND COMPENSATION OF REPRESENTATION AND MODIFYING PROBATION OF DEFENDANT

WILLIAM H. BECKER, Chief Judge.

Defendant was accused by information filed herein on September 9, 1970, of knowingly and wilfully and with intent to defraud passing, uttering and publishing a counterfeit $10.00 Federal Reserve Note on or about July 27, 1970. On the same date, defendant entered a plea of guilty to the charge contained in the information. Subsequently, on January 28, 1971, defendant was placed on probation for a period of three years and the imposition of sentence was suspended.

On February 17, 1971, counsel for defendant, who had been appointed to defend him under the provisions of the Criminal Justice Act, presented a "voucher for compensation and expenses of appointed counsel" (CJA Form 4) in which he claimed an allowance of $468.10. On request of the Court, counsel for defendant later supplied a letter (dated March 24, 1971, and filed herein on March 25, 1971) explaining the basis for the claimed compensation and expenses. After consideration of the form and the letter, it is concluded that an allowance over $300.00 would be out of line with allowances in similar cases. Therefore, $300.00 will be allowed as compensation and expenses of defense counsel in this case. The Clerk will be directed to modify the CJA Form 4 which has been submitted to allow $300.00 of the amount claimed.

In his letter filed March 25, 1971, counsel also stated that:

"I am, of course, anxious to see that Mr. Bailey is sentenced under the Youth Corrections Act and would appreciate your advice as to whether a new hearing would be advisable and if so, whether a new report from [the Probation Office] would be useful."

Previously, on February 10, 1971, the United States Probation Officer had directed a memorandum to this Court, stating as follows:

"The Probation Department respectfully requests the Court consider modifying the sentence imposed in this case on January 28, 1971, by placing the grant of probation under

the provisions of the Youth Corrections Act as extended by Section 4209, Title 18 U.S.C. This young defendant appears to be a suitable subject for handling under the Youth Corrections Act and he is quite interested in gaining the benefits available."

At that time, the Court's written reply to the Probation Officer was that consideration would be given to modifying the probation if defendant would request the modification in writing. Therefore, on the assurances of counsel for defendant that defendant himself desires the requested modification of the probation, the letter of counsel was filed on March 25, 1971, as a motion for modification of probation.

■■ It is well established that the Court may modify probation granted under Section 3651, Title 18, United States Code in its sound discretion. Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266; United States v. Longknife (D.Hawaii) 258 F. Supp. 303, affirmed (C.A.9) 381 F.2d 17, cert. denied, 390 U.S. 926, 88 S.Ct. 859, 19 L.Ed.2d 987. It is further well established that the defendant may be placed on probation, as he was, under the provisions of Section 5010(a), Title 18, United States Code, which provides as follows:

"If the court is of the opinion that the youth offender does not need commitment, it may suspend the imposition or execution of sentence and place the youth offender on probation."

In this manner, defendant can, by being granted probation under Section 5010 (a), *supra,* "by virtue of his own good conduct, be spared the lifelong burden of a criminal record." Tatum v. United States, 114 U.S.App.D.C. 49, 310 F.2d 854, 856.

■ In view of defendant's requesting the modification and the relief granted being favorable to him, no hearing is necessary and the modification may be accomplished in the absence of defendant. "Since the modification of sentence is a relief favorable to Waldon and the only relief to which he is entitled, he is not in any way harmed by his absence." Waldon v. Swope (C.A. 9) 193 F.2d 389. It cannot be argued that, in the case at bar, defendant would be subject to a greater sentence under the Youth Corrections Act if and when his probation should be revoked. The maximum sentence provided under the Youth Corrections Act is six years' commitment or commitment "for any further period that may be authorized by law for the offense or offenses of which he stands convicted." Section 5010(c), Title 18, United States Code. The statute of which defendant has been convicted of violating, Section 472, Title 18, United States Code, provides for a maximum sentence of 15 years' imprisonment or $5,000 fine, or both. Therefore, the modification will be unquestionably for defendant's benefit and a hearing need not therefore be held in the presence of defendant and his counsel.

For the foregoing reasons, it is

Ordered that the sum of $300.00 be, and it is hereby, allowed under Section 3006A, Title 18, United States Code, as the compensation and expenses of counsel for defendant herein. It is further

Ordered that defendant's probation be, and it is hereby, modified to state that it is granted under the provisions of Section 5010(a), Title 18, United States Code.