**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Danny Orville ZIMMERMAN, Defendant–Appellant.**

**No. 79CA0387.**

Colorado Court of Appeals, Div. III.

Aug. 21, 1980.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Kathleen M. Bowers, Asst. Atty. Gen., Denver, for plaintiff–appellee.

Wayne E. Stockton, Westminster, for defendant–appellant.

BERMAN, Judge.

Defendant appeals the revocation of his probation pursuant to § 16–11–201, et seq., C.R.S. 1973 (1979 Cum.Supp.). We affirm.

Defendant pled guilty to one count of possession of a dangerous drug with intent to dispense in June of 1976 and was placed on probation in June of 1977. A complaint for revocation of probation was filed on October 5, 1978, charging defendant with failure to report to his probation officer. A supplemental complaint was filed on March 27, 1979, charging defendant with another probation violation of violating local, state, or federal laws by interfering with a police officer and harassment of his girlfriend and her family. An addendum to the supplemental complaint was filed March 28, 1979, charging defendant with a third violation of leaving the State of Colorado.

I.

Defendant first contends that the trial court erred in revoking his probation when

it was clear that he had not received formal notification of the terms and conditions of probation. We do not agree.

In the course of the revocation hearing, defendant's probation officer gave uncontested testimony that defendant was not given a written copy of the terms of his probation. Defendant asserts that this failure constituted a violation of § 16–11–204(3), C.R.S. 1973 (1979 Cum.Supp.), which provides:

> When a defendant is granted probation, he shall be given a written statement explicitly setting forth the conditions on which he is being released.

Defendant contends that the failure to comply with the mandatory language of this section denied him notice of the terms of his probation, and therefore, revocation was without notice and violated his right to due process.

■ The clear purpose of § 16–11–204(3) is to provide a criminal defendant with notice of the terms of his probation. *See generally Alonzi v. People*, Colo., 597 P.2d 560 (1979). While defendant may not have been given formal notice of the terms of his probation pursuant to § 16–11–204(3), C.R.S. 1973 (1979 Cum.Supp.), the court specifically determined that defendant had actual notice that he had to report to his probation officer. This finding was based upon defendant's continual communications with his probation officer in person, by telephone, and by mail. The court also found that defendant had actual notice that he could not leave the state, evidenced by defendant's earlier action of obtaining permission to travel to Utah and his unsuccessful attempt to inform his probation officer of his intent to leave the state to travel to Arizona.

■ As notice is the central concern, actual notice of the conditions of parole is an adequate substitute for formal statutory notice. *See People v. Carr*, 185 Colo. 293, 524 P.2d 301 (1974); *Jesseph v. People*, 164 Colo. 312, 435 P.2d 224 (1967). Therefore, failure to comply with § 16–11–204(3), C.R.S. 1973 (1979 Cum.Supp.) does not in and of itself require reversal.

■ Defendant did not have notice, actual or formal, of the terms of his probation pertaining to violation of local, state, or federal laws, which the court considered in revoking his probation; however, this defect does not require reversal. Where a court revokes parole solely on the grounds of which the defendant has notice, the fact that the court took testimony on a possible violation of which the defendant lacked knowledge does not mandate reversal. *See People v. Carr, supra.*

■ Probation is a privilege, and a criminal defendant is presumed to know that the violation of any term of his probation may result in revocation. *Holdren v. People*, 168 Colo. 474, 452 P.2d 28 (1969). Here, defendant violated two important terms of his probation of which he had actual notice. Either of these violations would have been sufficient grounds for the trial court, in the sound exercise of its discretion, to revoke defendant's probation. *Holdren, supra.* Thus, because defendant's probation could have been revoked on either of the above grounds, of which he had actual notice, consideration of a third alleged violation of which he had no notice does not require reversal. *See Holdren, supra; see Carr, supra.*

II.

We reject defendant's contention that the trial court erred in denying his motion for a continuance. Defendant was arrested on the probation revocation complaint on March 14, 1979. He appeared before the court on March 15, 1979, and a revocation hearing was set for March 23, 1979. Defendant did not appear for the March 23, 1979, hearing and it was rescheduled for March 30, 1979. Defendant was not present on March 30, 1979, when the case was called, but did appear later on that day. The hearing was rescheduled for April 12, 1979. Up until April 12, 1979, defendant was represented by the Public Defender's office. On April 12, 1979, defendant appeared with retained counsel who conditioned his appearance on the grant of de-

fendant's motion for a continuance. The Public Defender also moved for a continuance arguing that he was not prepared because he thought defendant was going to retain private counsel and had not discussed the case with defendant. The court denied the motion.

A motion for a continuance is addressed to the sound discretion of the trial court and will not be reversed absent a clear showing of abuse of that discretion. *People v. McClure*, 190 Colo. 250, 545 P.2d 1038 (1978). Defendant had been represented by the Public Defender until the day of the revocation hearing, and the record is silent as to his effort to retain private counsel until he made his motion for a continuance on the day of the hearing. Therefore, the record fails to reflect any basis for a finding that the trial court abused its discretion in denying defendant's eleventh hour motion for a continuance. *McClure, supra.* Further, the record reveals that the Public Defender had a thorough knowledge of the case, and skillfully conducted defendant's case at the hearing. Thus, in the absence of a showing of prejudice to defendant, we cannot say that the court abused its discretion in denying defendant's motion for a continuance. *Carr, supra.*

Judgment affirmed.

RULAND and KELLY, JJ., concur.