The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Rocky David MARROW, Defendant-Appellant.

No. 80CA0262.

Colorado Court of Appeals, Div. I.

Dec. 3, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Margaret L. O'Leary, Gerald E. Piper, Deputy State Public Defenders, Denver, for defendant-appellant.

COYTE, Judge.

Defendant appeals from an order revoking his probation and sentencing him to the state reformatory. We affirm.

On February 7, 1980, defendant appeared in the district court on the return of a bench warrant. The warrant had been issued because of the defendant's violation of various terms of his probation. On February 15, 1980, at the request of defense counsel, the court continued the hearing until February 22, 1980.

On February 21, 1980, the People filed an amended complaint adding an additional count, the factual basis of which was learned by the district attorney following the filing of the original complaint. Defense counsel did not receive the amended complaint until the morning of February 22, 1980.

At the hearing that day, defense counsel asserted that because of the late filing of the amended complaint, he was not prepared to defend against the new allegations and thus objected at the hearing to the admission of any evidence relating to the amended complaint. He also objected to any continuance and wanted to proceed solely on the original complaint. The court determined that it would proceed on the amended complaint and thus ordered a continuance until March 7, 1980.

On February 28, 1980, the defendant moved to dismiss the complaint alleging that more than 15 days had passed before the revocation hearing contrary to the provisions of § 16–11–206, C.R.S.1973 (1978 Repl.Vol. 8), which provides:

"If the petitioner is in custody, the hearing shall be held within 15 days after the filing of the complaint unless a delay or continuance is granted by the court . . . for good cause found by the court justifying further delay."

After a hearing, the court denied the motion finding that there was good cause for the delay as the defendant needed additional time to respond to the allegations in the amended complaint.

Defendant contends that the trial court erred by revoking his probation because the revocation hearing was not held within the 15 day period. We disagree.

A finding of good cause for a continuance is within the discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. *See People v. Zimmerman*, Colo.App., 616 P.2d 997 (1980). In light of the late filing of the amended complaint and the consequent lack of preparation by defense counsel, we find no abuse of discretion here.

In view of the conclusions we have reached, it is not necessary to consider the other assignments of error.

Judgment affirmed.

STERNBERG and KIRSHBAUM, JJ., concur.