## The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

## Leonard Edward McKITCHENS, Defendant-Appellant.

### No. 80CA0985.

Colorado Court of Appeals,
Div. III.

Nov. 18, 1982.

J.D. MacFarlane, Atty. Gen., Richard Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Laura E. Udis, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Barbara S. Blackman, Deputy State Public Defender, Denver, for defendant-appellant.

BERMAN, Judge.

Defendant appeals his probation revocation alleging, *inter alia,* constitutionally defective notice. We reverse and remand for a new hearing.

In May 1979, defendant pled guilty to sale of a narcotic drug in violation of §§ 12–22–302 and 12–22–322, C.R.S.1973 (1978 Repl.Vol. 5). He was placed on probation for 3 years. The conditions of his probation required that he reside for nine months at a halfway house and that he abstain from the use of illegal drugs.

Defendant was twice tested for marijuana use during his stay at the halfway house. On both occasions, the test results were positive.

After six months residency at the halfway house, the defendant left the facility without permission on November 30, 1979. He later contacted the halfway house and inquired concerning the consequences of failing to return; however, he never reappeared. A bench warrant was issued for his arrest.

The People moved for revocation of defendant's parole in December 1979, stating: "3. That among the conditions that were placed upon the defendant's probation were that he remain law abiding and not violate any criminal ordinance, statute, regulation or other criminal law of this or any other state of the United States; and that he abide by the conditions setforth by the Community Corrections Project;

4. That the defendant, LEONARD EDWARD McKITCHENS, between July 29, 1979 and November 30, 1979 was involved with violating condition # 4 [total abstinence of all drugs not prescribed by a physician or sold over the counter] of his contract with Larimer County Community Corrections Project . . . .

5. That the failure of the defendant, LEONARD EDWARD McKITCHENS, in the aforementioned contract violated the conditions of the probation which was previously entered into and approved by this court on May 31, 1979."

A preliminary hearing was held on July 22, 1980. At that hearing, the defendant was orally reminded of the drug use charge, and was advised of an additional charge of leaving the halfway house before his term was complete. The defendant was told that he had until July 31 to prepare his defense.

Following defendant's final probation revocation hearing, the trial court granted the motion to revoke. The court relied on both charges—drug use and leaving the halfway house—as grounds for the revocation.

Defendant argues on appeal that failure to provide written notice of the charge of leaving the halfway house violated his due process rights. We agree.

■ Although a probationer is not entitled to "the full panoply of rights" due a defendant in a criminal prosecution, he is entitled to certain " 'minimum requirements of due process.' " *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), *citing Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). These include:

"(a) *written notice of the claimed violations [probation or] parole;* (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole."

*Id.* (brackets in original, emphasis added).

■ We focus on the first of the above requirements—"written notice of the claimed violations of parole." Here, the defendant was given written notice of the drug use charge through the State's motion for revocation. However, the motion did not include a written charge of leaving the facility without permission. Defendant was never advised of the latter charge in writing. Thus, the first requirement of *Gagnon* was not met, and defendant was denied one of the "minimum requirements of due process."

Our holding is unaffected by the fact that defendant had written notice of one of the two charges because the revocation of defendant's probation was based on both charges. In *People v. Carr*, 185 Colo. 293, 524 P.2d 301 (1974), the probationer was given written notice of three charges. However, at the hearing, the court *sua*

*sponte* elicited testimony on a fourth charge of which the probationer had no notice. The probationer argued that the hearing of such testimony violated due process because she was not informed of all the violations of her probation that were considered at the hearing. Our Supreme Court disagreed, holding that due process is not violated if revocation of probation is based *solely* upon charges of which the probationer had notice. However, *Carr* did not directly address the issue of whether due process is violated when revocation is based partly upon a charge of which written notice was given, and partly upon a charge of which only oral notice was provided, so we address that issue for the first time here.

Here, the court made findings on both charges, but did not, in its order revoking probation, refer specifically to either one. Thus, we have no way of knowing whether the order was based on the charge of drug use, the charge of leaving the facility, or on both charges. To the extent that the decision to revoke probation was based on the charge of which the probationer had no written notice, it violated the probationer's due process rights under *Gagnon, supra.*

The People cite *People v. Zimmerman,* 616 P.2d 997 (Colo.App.1980) for the proposition that actual notice is sufficient. The People argue that because defendant was orally advised of the charge of leaving the facility at his preliminary hearing, he received actual notice of that charge. This argument cannot be reconciled with *Gagnon's* clear requirement of written notice. Moreover, *Zimmerman's* holding is limited to actual notice of the *conditions of probation* prior to release. The question in *Zimmerman* was whether failure to provide a written statement of conditions at the time of release violates due process. It did not address the separate due process requirement of written notice of *each charge* prior to the revocation hearing.

The judgment is reversed and the cause is remanded with directions to redetermine, on the record previously made, whether probation is or is not revoked based on only the charge of which the defendant had written notice.

KIRSHBAUM and TURSI, JJ., concur.