### The PEOPLE of the State of Colorado, Plaintiff–Appellee,

### v.

### Jose L. GARCIA, Defendant–Appellant.

### No. 02CA2212.

Colorado Court of Appeals, Div. IV.

March 11, 2004.

Ken Salazar, Attorney General, John J. Fuerst, III, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Keyonyu X O'Connell, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge LOEB.

Defendant, Jose L. Garcia, appeals the sentence entered upon judgment of conviction for sex assault on a child by one in a position of trust. We dismiss the appeal.

Defendant was convicted of sex assault on a minor by one in a position of trust under § 18–3–405.3(2), C.R.S.2003, and was originally sentenced to eight years to life under the Colorado Sex Offender Lifetime Supervision Act, § 18–1.3–1004, C.R.S.2003. Defendant appealed his sentence, and a division of the court remanded. Upon remand, the trial court sentenced defendant to twenty years to life intensive supervised probation. *People v. Garcia*, 2002 WL 1773306 (Colo.App. No.

00CA1584, Feb. 21, 2002)(not published pursuant to C.A.R. 35(f)).

On appeal, defendant contends that the sentencing provisions of the Lifetime Supervision Act are unconstitutional. The People disagree and also contend that defendant's appeal is moot because he has been deported from the United States. We agree with the People that this appeal is moot.

We first note that the only evidence of deportation on appeal is an affidavit from defendant's probation officer recommending revocation of probation on the basis that the officer learned from the Immigration and Naturalization Service that defendant had been deported. Thus, we do not know whether defendant was deported based on this conviction or on some other grounds. However, defendant has not contested the People's allegation that he has been deported. For purposes of this argument, we will assume, in defendant's favor as discussed below, that he was deported based on the conviction at issue here.

When an immigrant defendant is convicted of a sexual assault on a child, the immigrant is subject to deportation and becomes ineligible for reentry into the United States. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(I) (alien inadmissible for conviction of crime of moral turpitude); 8 U.S.C. § 1227(a)(2)(A)(i) (alien deportable for crime of moral turpitude); *Bendel v. Nagle,* 17 F.2d 719 (9th Cir.1927)(carnal knowledge of child is offense involving moral turpitude).

If the conviction that forms the basis of the deportation and reentry bar were overturned on appeal, the defendant would no longer be barred from reentry. *See* 8 U.S.C. § 1182(a)(2)(A) (requiring conviction for inadmissibility). Contrary to the People's contention, when the bar to reentry is the product of the conviction itself, it does not render the appeal moot, but, to the contrary, is a collateral consequence of the conviction that could be remedied on appeal. *United States v. Marsh,* 747 F.2d 7, 9 n. 2 (1st Cir.1984)(appeals are not moot because record of conviction constitutes continuing harm which may prevent entry into United States in future); *Cuellar v. State,* 13 S.W.3d 449 (Tex.App.2000)(appeal of narcotics conviction is not moot because conviction prevents individual from reentering United States or obtaining visa); *State v. Ortiz,* 113 Wash.2d 32, 774 P.2d 1229, 1230 (1989)("Far from mooting his appeal, [defendant's] deportation makes the appeal all the more significant.").

Moreover, we disagree with the People that deportation is analogous to escape. *See State v. Ortiz, supra* (distinguishing between flight of fugitive and involuntary deportation); *cf. People v. Del Rio,* 14 N.Y.2d 165, 250 N.Y.S.2d 257, 199 N.E.2d 359 (1964)(consensual deportation arranged for international exchange of prisoners for hostages analogous to escape because prisoner affirmatively abandoned appeal).

However, defendant here has only appealed his sentence, not his conviction. Because the reentry bar is based on the nature of the crime, rather than the sentence, regardless of the outcome of this appeal, defendant's bar to reentry will remain in effect. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(I) (crime of moral turpitude); 8 U.S.C. § 1157(a)(2)(A)(i) (same). As a result, because defendant is no longer in the United States and is subject to a permanent bar on attempted reentry into this country, he will not serve his sentence here, and thus, the outcome of the appeal has no practical effect upon him. *See Freedom from Religion Found., Inc. v. Romer,* 921 P.2d 84, 88 (Colo.App.1996)(appellate courts will not generally render opinions on merits of appeal when issues become moot because of subsequent events; a case is moot when judgment would have no practical effect upon existing controversy). Accordingly, his appeal is moot.

Appeal dismissed.

Judge CASEBOLT and Judge GRAHAM concur.