The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Steven ROBLES, Defendant–Appellant.

No. 06CA1811.

Colorado Court of Appeals,
Div. IV.

Feb. 5, 2009.

As Modified on Denial of Rehearing
March 19, 2009.

Certiorari Denied June 22, 2009.

John W. Suthers, Attorney General, Jennifer A. Berman, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Ellen K. Eggleston, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Chief Judge DAVIDSON.

Defendant, Steven Robles, appeals from the trial court's order revoking probation. Defendant's sole claim is that he was denied due process because the original revocation complaint did not specify that it was based on his conviction for a murder he committed while on probation. We conclude defendant received constitutionally sufficient written notice in a motion to continue the revocation hearing that explicitly identified the murder conviction as a ground for revocation. Thus, we affirm.

In 2001, defendant was sentenced, in the Denver District Court, to four years of probation.

In 2002, the probation department filed a revocation complaint. As relevant here, the complaint alleged that defendant was the subject of a police investigation in Denver, and that a warrant for his arrest had issued based on allegations that he had committed

the offenses of aggravated assault and attempted kidnapping.

Ultimately, the new charges filed against defendant in Denver varied somewhat from those under investigation when the probation complaint was filed: defendant was charged with first degree murder, second degree kidnapping, sexual assault, and stalking. However, as defendant concedes on appeal, the charges were based on the same investigation that was referenced (by means of a Denver Police Department case number) in the probation complaint.

The new case (the murder case) was transferred from the Denver District Court to the Weld County District Court (for reasons not relevant to this appeal). While the murder case was pending in Weld County, the Denver District Court repeatedly delayed this probation revocation proceeding at defendant's request.

In May 2006, after defendant had been convicted of murder in Weld County, the prosecution filed a motion to continue the revocation hearing due to the unavailability of a witness (with an attestation indicating that a copy had been sent to defendant's counsel). In the motion, the prosecution stated: "[T]he People allege that when the defendant was on probation in this case, he committed a first degree murder. For months, at the defendant's request, this case has trailed Weld County District Court case 03CR1561. In the Weld County case, the defendant was tried and convicted of a class 1 felony." The court granted the motion and continued the hearing.

The court convened the revocation hearing in July 2006. An investigator for the prosecution testified that, on January 23, 2006, he was present in the Weld County court when a jury found defendant guilty of first degree murder for a killing committed on or about September 24, 2002. The investigator further testified that defendant had been sentenced in the murder case on March 28, 2006.

Defendant did not dispute the accuracy of the investigator's testimony. Instead, he argued that the allegations of aggravated assault and attempted kidnapping in the revocation complaint had not been proved, and

that, due to lack of proper notice, the court was precluded from finding a violation based on the murder conviction. The trial court disagreed, reasoning that, because defendant had repeatedly moved to continue the revocation proceeding in order to have it trail the murder case, he had demonstrated he had actual notice that a conviction in the murder case would be utilized as a basis for revoking his probation. Accordingly, the court revoked probation and imposed a prison sentence.

██ "Probation is a privilege, not a right." *People v. Heimann,* 186 P.3d 77, 78 (Colo.App.2007). Thus, a probationer's conditional liberty interest receives only limited procedural due process protection. *Gagnon v. Scarpelli,* 411 U.S. 778, 782, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) (incorporating the limited procedural due process protections for parole revocation proceedings articulated in *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)). As relevant here, that limited due process includes the right to "written notice of the claimed violations." *Gagnon,* 411 U.S. at 786, 93 S.Ct. 1756 (quoting *Morrissey,* 408 U.S. at 489, 92 S.Ct. 2593).

██ Whether a probationer received constitutionally sufficient written notice of a claimed violation is a mixed question of law and fact, *United States v. Kirtley,* 5 F.3d 1110, 1111 (7th Cir.1993), but here the facts are not in dispute. Thus, our review is de novo. *See People v. Garcia,* 11 P.3d 449, 453 (Colo.2000) (when reviewing mixed questions of law and fact, an appellate court defers to the trial court's factual findings, but its conclusions of law are subject to de novo review).

In Colorado, both probation officers and prosecutors are statutorily authorized to file revocation complaints:

A complaint alleging the violation of a condition of probation may be filed either by the probation officer ... or by the district attorney. Such complaint shall contain the name of the probationer, shall identify the violation charged and the condition of probation alleged to have been violated, including the date and approximate location

thereof, and shall be signed by the probation officer or the district attorney. A copy thereof shall be given to the probationer a reasonable length of time before he appears before the court.

§ 16–11–205(5), C.R.S.2008. However, this statute—like the United States Supreme Court's precedent—does not specify a particular format, and neither the Colorado Supreme Court nor any division of this court has ever prescribed one.

In support of his argument, defendant relies on *People v. McKitchens*, 655 P.2d 858, 859 (Colo.App.1982). There, the division held that a written probation revocation notice was partially deficient because it failed to include one of the two charges on which the court relied to revoke probation. But the holding of *McKitchens* was based entirely on the fact that the defendant had received only oral notice of the charge that had been omitted from the written revocation notice. Nothing in the opinion speaks to the question of what *form* of written notice would have sufficed.

▮ Indeed, defendant has not pointed us to, and we are unaware of, any Colorado authority holding written notice—merely because it was from a source other than the probation revocation complaint—to be constitutionally insufficient. Thus, taking guidance from the allowance set forth in *Gagnon* for flexibility and informality in revocation procedures, we conclude that the constitutional sufficiency of notice to a probationer which is written, but provided in an irregular form, should be measured by whether the notice sufficiently fulfilled the central function of informing the probationer of the alleged basis for revocation. *See, e.g., Logan v. Commonwealth*, 50 Va.App. 518, 651 S.E.2d 403, 406 (2007) (probationer received sufficient written notice that the prosecution intended to seek revocation based on facts underlying his new conviction, rather than the conviction itself, where the prosecution sent probationer's counsel a copy of a letter to the court indicating as much), *rev'd on other grounds*, 276 Va. 533, 666 S.E.2d 346 (2008); *see also*

*Price v. Commonwealth*, 51 Va.App. 443, 658 S.E.2d 700, 702 (2008) (major violation report including probation violations omitted from original capias issued for probationer's arrest constituted notice sufficient to satisfy requirements of due process: "The important thing is not the form, but the fact, of notice."); *Coles v. Levine*, 561 F.Supp. 146, 155 (D.Md.1983) (holding, in a civil rights action, that future probationers would receive sufficient written notice of alleged grounds for probation revocation from a standard inmate infraction form which included notice that the alleged infraction(s) could also constitute grounds for probation revocation), *aff'd*, 725 F.2d 674 (4th Cir.1984) (unpublished table decision).

Here, the prosecution's May 2006 continuance motion clearly and unequivocally identified the murder conviction as the ground for revocation. Furthermore, defendant does not claim that the form of this notice compromised his ability to present a defense at the revocation hearing.

Thus, we conclude that in these circumstances, defendant received constitutionally adequate written notice.

The order is affirmed.

Judge ROVIRA * and Judge RULAND * concur.