22CA2206 Peo v Bailey 04-03-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 22CA2206
City and County of Denver District Court No. 22CR1172
Honorable Jennifer B. Torrington, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Travis A. Bailey,

Defendant-Appellant.

ORDER AFFIRMED

Division III
Opinion by JUDGE DUNN
Tow and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 3, 2025

Philip J. Weiser, Attorney General, Jessica E. Ross, Senior Assistant Attorney
General & Assistant Solicitor General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Casey Mark Klekas, Deputy
State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1 Defendant, Travis A. Bailey, appeals the district court's restitution order. We affirm.

## I. Background

¶ 2 Bailey was charged with one count each of second degree assault (strangulation) and third degree assault based on allegations that he grabbed the victim by her throat and threw her onto the ground, injuring her back, neck, shoulders, and elbow.

¶ 3 As part of a plea agreement, Bailey agreed to plead guilty to second degree assault, as an act of domestic violence, in exchange for dismissal of the remaining count. The parties agreed to a three-year deferred judgment and sentence, and Bailey agreed to pay restitution. The district court accepted the agreement and sentenced Bailey accordingly.

¶ 4 The prosecution timely submitted its request for restitution in the amount of $12,075.68, payable to the Second Judicial District Victim Compensation Fund, a statutorily established crime victim compensation board (CVCB). Attached to the motion was a summary from the CVCB that corroborated the amount requested, noting that the amount paid was for "Medical expenses" incurred by

the victim. However, the summary did not identify the provider or providers of those medical expenses.

¶ 5     Bailey objected to the amount requested and asked the court to release the restitution records that CVCB relied on after an in camera review. The district court set the matter for a hearing.

¶ 6     At the hearing, the district court denied Bailey's request for an in camera review of the records, concluding that Bailey "ha[d] not shown that his request [was] anything more than speculation, nor ha[d] he shown any evidentiary hypothesis which would warrant an in camera review."

¶ 7     Following this ruling, the prosecution elicited testimony from a CVCB program administrator for the Denver District Attorney's Office. The program administrator explained the process required to apply for CVCB funds and confirmed that the CVCB had received a request relating to this case and that it was approved in accordance with that process. Further, the program administrator testified that a payment of $12,075.68 was made directly to the "medical provider" for "medical expenses" on the victim's behalf. The program administrator did not testify as to what specific "medical expenses" were included in the amount requested.

¶ 8    In addition to this testimony, the district court judicially noticed Bailey's guilty plea to second degree assault, including the portion of Bailey's plea agreement where he agreed to have "intentionally caused bodily injury to [the victim]." The court also judicially noticed the contents of the court file, including the probable cause affidavit and the victim impact statement. Apart from a photograph of the victim's neck injury, Bailey did not present any additional evidence.

¶ 9    Based on the evidence presented at the hearing, the district court found that the prosecution "met [its] burden of proving, by a preponderance of evidence, not only the amount of the victim's medical expenses but also that those losses were proximately caused by [Bailey's] criminal conduct" and ordered him to pay $12,075.68 in restitution.

## II.    Sufficiency

¶ 10    Bailey contends that the prosecution failed to present sufficient evidence for the restitution amount ordered. We disagree.

### A.    Standard of Review

¶ 11    In the restitution context, we review for clear error the district court's determination that the defendant proximately caused the

victim's losses. *Martinez v. People*, 2024 CO 6M, ¶ 32. But when, as here, a defendant challenges the sufficiency of the evidence supporting the amount of restitution awarded — that is, a challenge to the *quantum* of evidence provided to the court — our review is de novo. *See id.* at ¶¶ 19-22; *People v. Moss*, 2022 COA 92, ¶ 11. In other words, "our de novo determination is whether the prosecution presented sufficient evidence to convince a reasonable fact finder by a preponderance of the evidence of the amount of restitution owed." *Moss*, ¶ 11.

### B.    Analysis

¶ 12    Restitution means "any pecuniary loss suffered by a victim [that was] . . . proximately caused by an offender's conduct and that can be reasonably calculated and recompensed in money." § 18-1.3-602(3)(a), C.R.S. 2024.

¶ 13    Crime victims may seek compensation from the CVCB for losses caused by criminal conduct, including medical and hospital expenses. §§ 24-4.1-102(1), -108, -109(1)(a), C.R.S. 2024. When a CVCB pays a victim compensation claim, it is a "[v]ictim" for purposes of the restitution statute. § 18-1.3-602(4)(a)(IV). Therefore, if the CVCB pays such a claim, a court may order the

4

defendant to reimburse the CVCB for the amount of assistance that it paid to the victim. *People v. Fregosi*, 2024 COA 6, ¶ 43.

¶ 14    "The prosecution must prove by a preponderance of the evidence that the defendant's conduct proximately caused the victim's loss and the amount of that loss." *Id.* at ¶ 44. However, for CVCB claims, the restitution statute creates a rebuttable presumption that the amount paid by the CVCB is a direct result of the defendant's criminal conduct. *See* § 18-1.3-603(10)(a), C.R.S. 2024; *People v. Henry*, 2018 COA 48M, ¶ 17. Specifically, section 18-1.3-603(10)(a) says that if the CVCB provides assistance to or on behalf of a victim, "the amount of assistance provided and requested by the crime victim compensation board is presumed to be a direct result of the defendant's criminal conduct and must be considered by the court in determining the amount of restitution ordered."

¶ 15    To trigger the rebuttable presumption, however, the prosecution must establish the amount of assistance provided. *People v. Martinez-Chavez*, 2020 COA 39, ¶ 20. The restitution statute prescribes two ways of establishing this amount: (1) "[a] list of the amount of money paid to each provider"; or (2) "[i]f the

identity or location of a provider would pose a threat to the safety or welfare of the victim, summary data reflecting what total payments were made for" by category.  § 18-1.3-603(10)(b)(I), (II)(A)-(E).

¶ 16     But the prosecution need not rely on the statutory presumption to establish the amount of restitution; rather, it can also rely on "victim impact statements or other means."  § 18-1.3-603(2)(a); *People v. Barbre*, 2018 COA 123, ¶ 40 (noting that "under Colorado law, an award of restitution may be based solely on a victim impact statement").  The court "shall base its order for restitution" on the information presented by the prosecution.  § 18-1.3-603(2)(a).

¶ 17     At the restitution hearing, the prosecution presented testimony from the CVCB program administrator who explained how the CVCB processes claims it receives and how this case met the statutory requirements.  The CVCB program administrator testified that she reviewed the victim's itemized medical bill and confirmed that the date of the bill coincided with the date the crime occurred as well as the date the medical services were provided.  She also testified that she confirmed that the victim had not made any payments toward the bill.  And she verified whether the victim

6

had insurance and, if so, whether the victim's insurance company had made any payments or whether a self-pay discount had been applied by the hospital. Additionally, the CVCB program administrator testified that the CVCB paid a total of $12,075.68 in medical expenses directly to the medical provider on behalf of the victim in this case. When viewed in the light most favorable to the People, this evidence was sufficient to prove by a preponderance of the evidence the amount of restitution that Bailey owed to the CVCB.

¶ 18    In reaching this conclusion, we note that Bailey does not contest the district court's proximate cause finding — that the amounts paid by the CVCB directly resulted from his criminal conduct. Rather, his assertion is that there was insufficient evidence for the restitution amount ordered because the prosecution relied exclusively on the CVCB payment summary that did not include the identity of the victim's treatment provider or otherwise establish that including that information would pose a threat to the safety or welfare of the victim.

¶ 19    Indeed, the CVCB payment summary did not identify the medical providers, as required by section 18-1.3-603(10)(b)(I). Nor

did the prosecution assert under section 18-1.3-603(10)(b)(II) that providing such information would pose a threat to the safety or welfare of the victim. But, as discussed, we need not rely on the statute's rebuttable presumption to affirm the district court's restitution award. And because we do not rely on section 18-1.3-603(10)(a)'s rebuttable presumption, there is no requirement to consider the amount of assistance provided as directed by section 18-1.3-603(10)(b).

¶ 20 Moreover, we note that Bailey presented no evidence at the hearing contesting either the process the CVCB undertook to determine the amount requested or the amount itself. And to the extent he suggested that the victim had health insurance sufficient to reduce the amount claimed, the CVCB program administrator testified that while she could not recall if the victim had insurance or not, (1) there was a disclosure from the victim concerning whether she had health insurance, (2) the itemization sent to the CVCB indicated if insurance had paid a portion of the bill, and (3) the CVCB verified whether insurance had paid any portion of the bill. The CVCB program administrator also testified that if the victim did not have insurance, the hospital usually applies a "self-

pay discount" to reduce the amount of the bill and the CVCB applies this discount before they make any payments.

¶ 21    Nor are we persuaded by Bailey's reliance on *Martinez-Chavez*. In *Martinez-Chavez*, a division of this court reversed a restitution order after the district court had failed to hold a hearing despite the defendant's objection to causation. *Id.* at ¶¶ 2, 6. The division based its holding, in part, on its observation that the defendant's objection involved a mixed question of law and fact, and therefore necessitated a hearing, because the prosecution bore the burden of proof on causation. *Id.* at ¶ 20. Thus, the division's comments concerning the prosecution's failure to comply with section 18-1.3-603(10) are limited to its conclusion that the prosecution's restitution motion falls short of establishing causation. *Id.* But they do not stand for the proposition that the only way a restitution award to a CVCB can stand is if the prosecution satisfies section 18-1.3-603(10). *Cf. Fregosi*, ¶ 47 (rejecting defendant's sufficiency challenge because the record provided sufficient evidence to uphold the restitution order without relying solely on the CVCB summaries).

¶ 22    Thus, when, as here, the parties do not dispute causation and the prosecution presents sufficient evidence to meet its burden concerning the amount of restitution, no basis for vacating the restitution order exists. *Cf. id.* Accordingly, we conclude that sufficient evidence supports the court's findings and affirm the order.

## III.    In Camera Review and Disclosure

¶ 23    Next, Bailey contends that the district court violated his constitutional right to due process when it denied defense counsel's request to conduct an in camera review of the CVCB records. We disagree.

### A.    Standard of Review

¶ 24    A district court's refusal to conduct an in camera review is reviewed for an abuse of discretion. *Id.* at ¶ 51. We review de novo whether the court violated the defendant's right to due process. *People v. Calderon*, 2014 COA 144, ¶ 23.

### B.    Analysis

¶ 25    The CVCB's records relating to the claimed amount of restitution are confidential. § 24-4.1-107.5(2), C.R.S. 2024. However, in restitution proceedings, section 24-4.1-107.5(3) creates

a two-step process through which a defendant can obtain information in the CVCB's records. *People v. Hernandez*, 2019 COA 111, ¶ 17.

¶ 26 First, the defendant may ask the district court to conduct an in camera review if the request "is not speculative and is based on an evidentiary hypothesis that warrants an in camera review." § 24-4.1-107.5(3). Second, after conducting such a review, the court may release information if it finds the information "[i]s necessary for the defendant to dispute the amount claimed for restitution" and "[w]ill not pose any threat to the safety or welfare of the victim, or any other person whose identity may appear in the board's records, or violate any other privilege or confidentiality right." § 24-4.1-107.5(3)(a)-(b).

¶ 27 Bailey did not satisfy these statutory requirements. He presented no evidence or information that the amount of medical expenses requested was inaccurate. Rather, his only evidentiary hypothesis was that he needed the CVCB records "to have a meaningful opportunity to contest the validity of [the requested] amount" and "to do an independent review into the validity of the claim" given his "belief" that the victim "had medical insurance at

the time of the offense and likely, would not have been required to pay the amount currently requested."

¶ 28    Based on this record, we cannot say that Bailey has alleged anything more than that he needed or wanted additional information to investigate the possibility that the victim might have had insurance and, therefore, the amount requested might have been inaccurate. "If a litigant fails to show 'a specific factual basis demonstrating a reasonable likelihood' that the discovery will yield material evidence, the request for in camera review is properly denied." *Fregosi*, ¶ 56 (quoting *People v. Spykstra*, 234 P.3d 662, 671-72 (Colo. 2010)). Accordingly, we conclude that Bailey's insufficient and speculative evidentiary hypothesis does not meet the statutory requirements for an in camera review. *See id.* (concluding that the defendant's request for an in camera review of the victim's medical and mental health records was speculative because the defendant needed them to investigate, among other things, "whether the costs were something for which [the victim] was eligible to have insurance cover (in whole, or in part)").

¶ 29    Finally, because Bailey received sufficient notice of the prosecution's intent to seek restitution, the basis of its claim, and

an opportunity to contest it, due process was satisfied. *See People v. Perez*, 2020 COA 83, ¶ 49 (due process is satisfied, in the restitution context, when the defendant receives notice of the factual basis for the restitution order and an opportunity to contest that basis), *overruled on other grounds by People v. Weeks*, 2021 CO 75, ¶ 47 n.16; *cf. Hernandez*, ¶ 60 (concluding section 18-1.3-603(10) does not violate due process on its face).

## IV.  Disposition

¶ 30     The restitution order is affirmed.

JUDGE TOW and JUDGE MEIRINK concur.