24CA1740 Peo v Gonzales 09-18-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1740
El Paso County District Court No. 24CR1215
Honorable Monica J. Gomez, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Ignacio Gonzales,

Defendant-Appellant.

ORDER AFFIRMED

Division A
Opinion by JUDGE GRAHAM*
Román, C.J., and Berger*, J., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced September 18, 2025

Philip J. Weiser, Attorney General, Jillian J. Price, Deputy Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Natalie Fine, Deputy State Public Defender, Colorado Springs, Colorado, for Defendant-Appellant


*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1    Defendant, Ignacio Gonzales, appeals the district court's restitution order. We affirm.

## I.    Background

¶ 2    Gonzales was charged with one count each of second degree assault and third degree assault based on allegations that, during an argument about politics, he shoved his brother to the ground and repeatedly hit him in the head with both a glass bottle and his fists.

¶ 3    As part of a plea agreement, Gonzales agreed to plead guilty to third degree assault, in exchange for dismissal of the remaining count. The parties agreed to a two-year deferred judgment and sentence, and Gonzales agreed to pay restitution. As relevant here, the plea agreement provided that the prosecution would "submit the proposed amount [of restitution] within 42 days of sentencing."

¶ 4    The district court accepted the agreement and sentenced Gonzales accordingly. The court also entered an order for restitution but found "good cause" to allow the prosecution forty-two days to submit its specific request.

¶ 5    The prosecution timely submitted its request for restitution in the amount of $6,487.09 for medical expenses incurred by the

victim. Gonzalez objected to the amount requested and the district court set the matter for a hearing. The hearing was scheduled for August 8, 2024, seventy days after sentencing.

¶ 6 At the hearing, the prosecution elicited testimony from the victim and the restitution coordinator for the El Paso County District Attorney's Office. The victim testified that his medical bills totaled $8,151.60. He described each bill and what each bill was for, and each of the medical bills were submitted into evidence, without objection, as People's Exhibit 1. The restitution coordinator testified that the discrepancy between the original requested amount ($6,487.09) and the amount the victim testified to ($8,515.60) was due to an "error" made by failing to include the bill for the ambulance ride in the original restitution request. She added that the ambulance bill had been provided to them by the victim, was included with his victim impact statement, and was provided in discovery.

¶ 7 Based on the testimony concerning the ambulance bill, the prosecution orally moved to amend its restitution request to $8,151.50. Gonzales objected. He argued that the prosecution's oral motion was beyond the court's forty-two-day deadline for the

prosecution to submit its request for restitution, as well as "recent authority from the Colorado Supreme Court about the timelines that are supposed to be followed." And he argued that the oral motion was in violation of "his Colorado and United States Constitutional rights" and the restitution statute.

¶ 8    The district court granted the motion to amend and subsequently ordered restitution in the amount of $8,151.50. As relevant here, the court found that "the People are within their obligatory period in requesting additional restitution" and the restitution determination is being made "within 91 days from the time when [Gonzales] entered into his guilty plea."

## II.    Discussion

¶ 9    Gonzales asserts that the district court erred when it allowed the prosecution to modify its restitution request beyond the court's forty-two-day scheduling order, and that this error deprived him of his right to due process. We disagree.

### A.    Standard of Review

¶ 10    We review de novo questions of statutory interpretation, whether a court has authority to order a defendant to pay restitution, and whether the court violated the defendant's right to

3

due process.  *People v. Weeks*, 2021 CO 75, ¶ 24; *People v. Roddy*, 2021 CO 74, ¶ 23; *People v. Calderon*, 2014 COA 144, ¶ 23. Additionally, when a court has discretion to decide an issue, we review that decision under an abuse of discretion standard.  *People v. Rath*, 44 P.3d 1033, 1043 (Colo. 2002).  To constitute an abuse of discretion, the court's decision must be "manifestly arbitrary, unreasonable, or unfair."  *Id.*  A court necessarily abuses its discretion if its ruling is based on an erroneous view of the law. *People v. Wadle*, 97 P.3d 932, 936 (Colo. 2004).

### B.  Analysis

¶ 11  Every order of conviction "shall include consideration of restitution."  § 18-1.3-603(1), C.R.S. 2024.  The district court "shall base its order for restitution upon information presented to the court by the prosecuting attorney" and the prosecuting attorney "shall present this information to the court prior to the order of conviction or within ninety-one days, if it is not available prior to the order of conviction."  § 18-1.3-603(2)(a).

¶ 12  Section 18-1.3-603(2)(a) "requires the prosecution to exercise reasonable diligence to determine the amount of restitution and present it to the court at or before the sentencing hearing."  *People*

4

*v. Brassill*, 2024 COA 19, ¶ 30; *see People v. Martinez Rubier*, 2024 COA 67, ¶ 38; *see also* § 18-1.3-603(2)(a). If the prosecution does not meet this requirement, however, the district court does not automatically lose authority to enter restitution. *See Brassill*, ¶¶ 56-61; *see also Martinez Rubier*, ¶¶ 46-47.

¶ 13    Instead, it may not be an abuse of the district court's discretion to establish a procedure to resolve restitution and accept a late restitution motion — so long as restitution is resolved within the ninety-one-day deadline. *See Brassill*, ¶¶ 56-61 (describing denial of a restitution request for violating the district court's scheduling order as a "severe sanction" and affirming the district court's decision to accept a late restitution motion and order restitution ninety days after the sentencing hearing).

¶ 14    At Gonzales's sentencing hearing, the district court entered an order under section 18-1.3-603(1)(b), reserving the amount of restitution to be determined within ninety-one days. The court instructed the prosecution to submit a request within forty-two days, giving the defense twenty-one days to object. The prosecution timely submitted its request for restitution, but when an error in the request was discovered during the restitution hearing, the

prosecutor moved for the court to amend the original request. The court did so, and the restitution amount was finalized seventy days after Gonzales's sentencing. Thus, whether the court had authority to enter the restitution order is not at issue here.

¶ 15 Instead, Gonzales asserts that the prosecution failed to comply with the district court's forty-two-day deadline and the scheduling mandate in *Weeks*, requiring vacatur of the restitution order subsequently entered by the court. But a prosecutor's failure to comply with a scheduling order does not deprive the court of authority to impose restitution. *Brassill*, ¶ 61. Indeed "district courts have inherent authority to manage their dockets through scheduling orders." *People v. Owens*, 2014 CO 58M, ¶ 16; *Brassill*, ¶ 17; *see also People v. Kilgore*, 2020 CO 6, ¶ 26 (district courts have inherent discretion to manage cases); *Redden v. SCI Colo. Funeral Servs., Inc.*, 38 P.3d 75, 84 (Colo. 2001) (district courts are responsible for managing their dockets, moving cases toward completion, and assuring that parties comply with deadlines).

¶ 16 While the prosecution failed to provide restitution information within the forty-two-day deadline ordered by the district court, the error was due to an error by the prosecution's restitution

coordinator for failing to include the ambulance bill in its original request. And unlike the prosecutor in *Brassill*, who "did not even attempt to argue that his failure was the product of excusable neglect," *Brassill*, ¶ 54, the prosecutor here argued that this was not an "attempt to pad the stats" or "some nefarious plot . . . to make a windfall," and instead urged the court to order the full amount of economic losses requested by the victim, including the ambulance bill, to make the victim whole and effectuate "the goal[s] of sentencing, and . . . of ordering restitution in criminal cases."

¶ 17    In resolving the prosecution's motion, the district court acknowledged the legislative declaration that all victims of crime "endure undue suffering and hardship" and that persons "found guilty of causing such suffering and hardship should be under a moral and legal obligation to make full restitution to those harmed by their misconduct." § 18-1.3-601(1)(a), (b), C.R.S. 2024. The court also acknowledged that "[a]n effective criminal justice system requires timely restitution to victims of crime." § 18-1.3-601(1)(e). And because the court found that the issue of restitution would be resolved within the statutory deadline, the court elected to grant the prosecution's request to modify the original amount of restitution to

7

include the ambulance bill.  Under these circumstances, we cannot say that the district court abused its discretion.  *See Brassill*, ¶ 60.

¶ 18    We disagree that Gonzales was deprived of his due process rights by the district court's decision to accept the prosecution's belated request for restitution for the ambulance bill beyond the court's scheduling deadline.

¶ 19    A defendant is entitled to receive adequate notice of the claimed amount of damages and the amount of restitution that the prosecution is asking the court to impose.  *People v. Stone*, 2020 COA 24, ¶ 59.  Due process is satisfied, in the restitution context, when the defendant receives notice of the factual basis for the restitution and a reasonable opportunity to contest that basis.  *See People v. Perez*, 2020 COA 83, ¶ 49, *overruled on other grounds by Weeks*, ¶ 47 n.16, *cert. granted, judgment vacated on other grounds, and case remanded,* (Colo. No. 20SC559, Dec. 6, 2021) (unpublished order).

¶ 20    Gonzales argues that while the ambulance bill was submitted with the victim impact statement, "a Victim Impact Statement is not the same as a proposed restitution order filed by the prosecution" and therefore, he did not have meaningful notice of the full amount

of restitution. Nevertheless, Gonzales agrees that he received the victim impact statement, which included a request for restitution based on the ambulance bill. *Cf. People v. Barbre*, 2018 COA 123, ¶ 40 ("[U]nder Colorado law, an award of restitution may be based solely on a victim impact statement."). Gonzales knew from the probable cause affidavit that the victim was transported to the hospital in an ambulance. *See* Crim. P. 16(a)(1)(I) ("The prosecuting attorney shall make available to the defense . . . [p]olice, arrest and crime or offense reports . . . .") And his counsel admitted at the restitution hearing that he received the ambulance bill on July 12, 2024, almost a month before the August 8 restitution hearing.

¶ 21    Even if Gonzales had no opportunity to review and prepare a challenge to the ambulance bill, Gonzales's counsel could have, but did not, request a continuance of the restitution hearing within the statutory deadline if she felt that she needed more time to investigate or contest the ambulance bill. *See People v. Anderson*, 837 P.2d 293, 299 (Colo. App. 1992) (a failure to request a continuance or ask for more time in the district court belies an assertion of surprise on appeal); *see also People v. Ortiz*, 2016 COA 58, ¶ 30 ("[T]he court did not deny defendant the opportunity to

rebut the prosecution's evidence; defendant simply chose not to try to do so.").

¶ 22 Because Gonzales received sufficient notice of the prosecution's intent to seek restitution, the basis of its claim, and an opportunity to contest it, due process was satisfied.

## III. Disposition

¶ 23 The order is affirmed.

CHIEF JUDGE ROMÁN and JUDGE BERGER concur.